The cause came to a hearing, and after argument, Chancellor J ames delivered the decree of the court.
In his bill, complainant claims a specific performance of a written contract entered into with the defendant for the purchase of a lot of land, made on the 15th of Aug." 1797, by which contract, the defendant agreed to pay 600/. for the said lot, in three equal instalments, on the first day of October, 1797, 1798, and 1799, with interest from the date of the contract.
Complainant states, that in consideration of the said agreement,the defendant paid him 116/. on the same, took possession of the said lot, and has built a house thereon. Complainant further states, that as an action at law had been brought by Warnock and wife against the defendant to eject him from the said lot, that complainant and defendant entered into an additional written agreement, that the buildings erected on said lot should be at defendant’s risk. Complainant also further states, that having tender - ed good titles, he prays defendant may be decreed to a spe - cific performance.
The defendant in his answer, admits that he purchased *582 said lot for 600/. payable in three instalments, as stated, by complainant; but he denies that he was to pay interest thereon, as stated in the bill. The defendant also admits that he took possession of the said lot, erected a house thereon, and paid a part of the purchase money; but he denies that the additional agreement set forth by complainant is to have the effect that he contends for. As to this additional agreement, it appears to the court that since it is agreed on all hands that the suit of Warnock and wife is at an end, and as the said additional agreement is predicated upon the suit, that ought also to be at an end. Then the case becomes a very plain one. Defendant acknowledges the contract, has taken possession of the lot, has improved the same, and paid a part of the purchase money ; and therefore it is obvious that he must be decreed to comply with his contract. Also, as the said first agreement was in writing, signed by the parties, there can be no doubt but that defendant must pay interest on the purchase money ; but as he was prevented from improving said lot to the extent he wished, by reason of the suit, let him pay interest only from the date of the verdict which established the title. ' Let complainant also execute to him good and sufficient titles, with a general warranty for the said lot. — « Let it also be referred to' the master to report such payments as have been made by defendant on the contract and ascertain the balance.
Parker & Lightwood for complainant,
W. Drayton for defendant.